UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CYNTHIA DENISE JACOBS,

       Plaintiff,
vs.

ONEWEST BANK FSB N/K/A CIT BANK
NATIONAL ASSOCIATION,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, CYNTHIA DENISE JACOBS, by and through undersigned counsel, and brings this action against the Defendant, ONEWEST BANK FSB N/K/A CIT BANK NATIONAL ASSOCIATION ("ONEWEST"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called her cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FDCPA, FCCPA and the TCPA.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from

*FD-2508*

engaging in abusive, deceptive, and unfair collection practices.

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8. At all times relevant to this Complaint, Defendant, ONEWEST was and is a Federal Savings Bank, chartered and regulated by the U.S. Treasury Department's Office of Thrift Supervision; duly licensed to transact business in the State of Florida, and has a principal address in Pasadena California.

9. At all times relevant to this Complaint, ONEWEST was and is a "person" as said

*FD-2508*

term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. At all times relevant to this Complaint, ONEWEST regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times relevant to this Complaint, ONEWEST regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, ONEWEST was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times relevant to this Complaint, ONEWEST has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

14. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

15. At all times relevant to this Complaint, the Plaintiff, was and is a natural person as defined by 47 U.S.C. § 153(32).

16. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

17. Defendant sought to collect a debt from Plaintiff arising from an alleged debt

*FD-2508*

incurred by Plaintiff for personal, family, or household purposes.

18.     The subject debt arises from a mortgage loan serviced by Defendant.

19.     Upon information and belief, Defendant, ONEWEST by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (770) 837-8975.

20.     Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

21.     Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

22.     These calls originated from various numbers including but not limited to (800) 781-7399 and include but are not limited to calls placed on: June 19, 2015 at or about 6:42 p.m., July 27, 2015 at or about 12:31 p.m., and August 6, 2015 at or about 2:40 p.m.

23.     At least a portion of these calls were in regards to the above-referenced alleged debt.

24.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

25.     Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls. Additionally, the calls diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in Plaintiff's cellular telephone

*FD-2508*

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

### COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

28. Plaintiff repeats, realleges and incorporates paragraphs 1 through 27.

29. Florida Statutes §559.72(7) states:

> "In collecting debts, no person shall…
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

30. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to cellular multiple times a day has annoyed Plaintiff and caused unnecessary stress and burden upon Plaintiff and Plaintiff's family.

31. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

32. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

33. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has

*FD-2508*

agreed to pay a reasonable attorney's fee.

34. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, ONEWEST BANK FSB N/K/A CIT BANK NATIONAL ASSOCIATION, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## COUNT II-VIOLATION OF THE FDCPA, 15 USC 1692d(5)

35. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

36. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant caused Plaintiff's telephone with such frequency as to harass Plaintiff in contravention of 15 U.S.C. 1692d, which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

37. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to Plaintiff's cellular phone multiple times a day has annoyed Plaintiff and caused unnecessary strain and burden upon Plaintiff and Plaintiff's family.

38. Defendant's actions of calling Plaintiff continuously and regularly day after day,

*FD-2508*

multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendant in order to illicit payment from Plaintiff for the alleged debt.

39. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated 15 U.S.C. 1692d(5).

40. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

41. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

42. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, ONEWEST BANK FSB N/K/A CIT BANK NATIONAL ASSOCIATION, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

43. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 27.

44. Defendant placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

45. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular

telephone using an automatic telephone dialing system without their express consent.

46. Plaintiff did not expressly consent for ONEWEST to contact her via cellular phone, and even if Plaintiff had, such alleged consent was revoked during multiple telephone conversations with Defendant, including a telephone conversation in or about July of 2014. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

47. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

48. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

49. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

50. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which

*FD-2508*

were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

51. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

52. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

53. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

54. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

55. Additionally, the calls invaded Plaintiff's privacy, diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in Plaintiff's cellular telephone.

56. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C.

Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant ONEWEST BANK FSB N/K/A CIT BANK NATIONAL ASSOCIATION for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA DENISE JACOBS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Kevin L. Lewis*
KEVIN L. LEWIS, ESQ.
Florida Bar Number: 101124
E-mail: kevin@floridaloanlawyers.com
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*FD-2508*